# SUPERIOR COURT

Benjamin Adler  
vs.  
H. G. Braisted & Co., Inc.  }  Law No. 60221

RESCRIPT
April 14, 1925

HAHN, J.   Heard on demurrer to replication.

Plaintiff, a non-resident, brought an action against the · defendant, a foreign corporation, and garnisheed personal property of the defendant in the hands of the Esmond Mills, a foreign corporation, doing business in this State, with a place of business in the town of Smithfield. The garnishee's affidavit stated that at the time of the service of the writ there was in the hands of the garnishee eight thousand dollars of personal estate of the defendant.

Plaintiff declared upon the common counts and defendant appeared specially to plead to the jurisdiction. Plaintiff filed a replication and defendant demurred thereto. By agreement a further replication and demurrer were filed, upon which the case was heard. This replication sets forth that the garnishee, Esmond Mills, was indebted to the defendant in the sum of $8000 and at the time of the service of the writ was engaged in business in Rhode Island, having its only manufactory in this State (at Smithfield), and that it had appointed a resident attorney; that by reason of said indebtedness there was property and estate of the defendant in the hands of the garnishee sufficient to give this court jurisdiction, etc.

Defendant contends that this suit is not properly brought in this State, since all parties interested are non-residents and the debt due from the garnishee to the defendant arose out of a contract entered into in the State of New York, where the plaintiff should prosecute his action.

It appears to be the law of this State that for the purposes of attachment and garnishment a debt has a situs wherever a debtor or his property can be found, and that wherever a creditor might maintain his suit to recover the debt, there it may be attached as his property.

See Cross v. Brown, Steese & Clarke, 19 R. I. 220, 227.

This has also been held to be the law by the Supreme Court of the United States. In the case of Harris

v. Bath, 198, U. S. 215, 222, that court said:

"If there be a law of the State providing for the attachment of the debt, then if the garnishee be found in that State, and process be personally served upon him therein, we think the court thereby acquires jurisdiction over him, and can garnishee the debt due from him to the debtor of the plaintiff and condemn it, provided the garnishee could himself be sued by his creditor in that State. * * * Power over the person of the garnishee confers jurisdiction on the courts of the State where the writ issues."

It appears, therefore, that the plaintiff may maintain the present action providing the defendant could itself have brought suit here against the garnishee, on the debt.

The defendant is a foreign corporation and maintains that it is not doing business in Rhode Island, that it has no resident attorney (required by statute for service of process), and that the contract out of which the debt in question arose was entered into outside this state. The defendant on this showing would not be within the prohibition of General Laws 1923, Sec. 3530 (Chapter 248, Sec. 65), which prohibits a foreign corporation doing business in Rhode Island from enforcing in the courts of this state any contract made within this state until such corporation has appointed a resident attorney.

Swift & Co. vs. Little, 28 R. I. 108, 113.

Garst vs. Canfield, 44 R. I. 220, 225.

On the contrary, the defendant would apparently come within the following general rule:

"Thus, in the absence of such prohibition, a foreign corporation may sue either in law or equity upon contracts entered into by it in the state or elsewhere, and generally it is entitled to whatever remedy is accorded to a domestic creditor for the collection of a debt for goods sold and delivered."

14 (a) Corpus Juris, 1354-5.

"In accordance with the general rule it has been held that a foreign mercantile corporation may bring suits to collect debts arising from the sale and delivery of goods, though it has no general office in the state nor any agent on whom process may be served."

12 Rul. Cas. Law, p. 99.

If, then, the defendant could have proceeded against the garnishee, on the debt, it would appear from what has already been said that a creditor of the defendant may sue here, and that the present action may be maintained.

The defendant's demurrer to replication is overruled.

For plaintiff: Green, Curran & Hart.

For defendant: George J. Sheehan and Frank Healey.